UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

NIGEL FRANK DE LA TORRE PARDO,

    Plaintiff,

v.

SANJED CAPITAL LLC, and,
BANGKOK CUISINE, INC., D/B/A
BANGKOK CUISINE,

    Defendants.
_____/

## COMPLAINT

Plaintiff, NIGEL FRANK DE LA TORRE PARDO, individually and on behalf of all other similarly situated mobility-impaired individuals (hereinafter "Plaintiff"), sues SANJED CAPITAL LLC, and BANGKOK CUISINE, INC., D/B/A BANGKOK CUISINE (hereinafter "Defendants"), and as grounds alleges:

JURISDICTION, PARTIES, AND VENUE

1. This is an action for injunctive relief, a declaration of rights, attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12181, et seq., (the "Americans with Disabilities Act" or "ADA") and 28 U.S.C. §§ 2201 and 2202.

2. The Court has original jurisdiction over Plaintiff's claims arising under 42 U.S.C. § 12181, et seq. pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 12117(a).

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 2201 and 2202, and may render declaratory judgment on the existence or nonexistence of any right under 42 U.S.C. § 12181, et seq.

4. Plaintiff, NIGEL FRANK DE LA TORRE PARDO, is an individual over eighteen years of age, with a residence in Miami-Dade County, Florida, and is otherwise *sui juris.*

5. At all times material, Defendant, SANJED CAPITAL LLC, owned and operated a commercial property at 45 North Homestead Boulevard, Homestead, Florida 33030 (hereinafter the "Commercial Property") and conducted a substantial amount of business in that place of public accommodation in Homestead, Florida.

6. At all times material, Defendant, SANJED CAPITAL LLC, was and is a Florida Limited Liability Company registered to conduct business in the State of Florida, with its principal place of business listed in Miami, Florida.

7. At all times material, Defendant, BANGKOK CUISINE, INC., d/b/a Bangkok Cuisine, owned and operated a commercial restaurant at 45 North Homestead Boulevard, Homestead, Florida 33030 (hereinafter the "Commercial Property") and conducted a substantial amount of business in that place of public accommodation in Homestead, Florida.

8. At all times material, Defendant BANGKOK CUISINE, INC., d/b/a Bangkok Cuisine, was and is a Florida Profit Corporation which is registered to conduct business in the State of Florida and has the principal place of business listed in this complaint in Homestead, Florida. Defendant, BANGKOK CUISINE, INC., holds itself out to the public as "Bangkok Cuisine".

9. Venue is properly located in the Southern District of Florida because Defendants' Commercial Property and businesses are located in Miami-Dade County, Florida, Defendants regularly conduct business within Miami-Dade County, Florida, and because a substantial part(s) of the events or omissions giving rise to these claims occurred in Miami-Dade County, Florida.

## FACTUAL ALLEGATIONS

10. Although over thirty (30) years have passed since the effective date of Title III of

the ADA, Defendants have yet to make its/their facilities accessible to individuals with disabilities.

11. Congress provided commercial businesses one and a half years to implement the Act. The effective date was January 26, 1992. In spite of this abundant lead-time and the extensive publicity the ADA has received since 1990, Defendants have continued to discriminate against people who are disabled in ways that block them from access and use of Defendants' property and the businesses therein.

12. The ADA prohibits discrimination on the basis of disability in 28 CFR 36.201 and requires landlords and tenants to be liable for compliance.

13. Plaintiff, NIGEL FRANK DE LA TORRE PARDO, is an individual with disabilities as defined by and pursuant to the ADA. NIGEL FRANK DE LA TORRE PARDO uses a wheelchair to ambulate. NIGEL FRANK DE LA TORRE PARDO has very limited use of his hands and cannot operate any mechanisms which require tight grasping or twisting of the wrist. He has lower paraplegia, inhibits him from walking or otherwise ambulating without the use of a wheelchair. He is limited in his major life activities by such, including but not limited to walking, standing, grabbing, grasping and/or pinching.

14. Mr. De La Torre Pardo is a staunch advocate of the ADA. Since becoming aware of his rights, and their repeated infringement, he has dedicated his life to this cause so that he, and others like him, may have full and equal enjoyment of public accommodations without the fear of discrimination and repeated exposure to architectural barriers in violation of the ADA.

15. He is often frustrated and disheartened by the repetitiveness of the complaints he is forced to make to employees and management at different places of public accommodation over thirty (30) years after the legislation of the ADA, to no avail. Mr. De La Torre Pardo is accordingly of the belief that the only way to affect change is through the mechanisms provided under the

ADA.

16. Defendant, SANJED CAPITAL LLC, owns, operates and oversees the Commercial Property, its general parking lot and parking spots specific to the businesses therein and all other common areas open to the public located within the commercial property.

17. Defendant, BANGKOK CUISINE, INC., d/b/a Bangkok Cuisine, owns, operates and/or oversees a respective restaurant business within the Commercial Property, located in Homestead, Florida, that are the subject of this Action.

18. The subject Commercial Property is open to the public and is located in Homestead, Florida. The individual Plaintiff visits the Commercial Property, to include visits to the Commercial Property and businesses located within the Commercial Property on August 26, 2023, and encountered multiple violations of the ADA that directly affected his ability to use and enjoy the Commercial Property. He often visits the Commercial Property and businesses located within the Commercial Property in order to avail himself of the goods and services offered there, and because it is approximately two (2) miles from his residence and near other businesses and restaurants he frequents as a patron. He plans to return to the Commercial Property within two (2) months from the date of the filing of this Complaint.

19. The Plaintiff, NIGEL FRANK DE LA TORRE PARDO, found the Commercial Property and business located within the commercial property to be rife with ADA violations. The Plaintiff encountered architectural barriers at the Commercial Property and business located within the Commercial Property and wishes to continue his patronage and use of each of the premises.

20. The Plaintiff, NIGEL FRANK DE LA TORRE PARDO, has encountered architectural barriers that are in violation of the ADA at the subject Commercial Property. The barriers to access at Defendants' Commercial Property have each denied or diminished Plaintiff's

ability to visit the Commercial Property and have endangered his safety in violation of the ADA. The barriers to access, which are set forth below, have likewise posed a risk of injury(ies), embarrassment, and discomfort to Plaintiff, NIGEL FRANK DE LA TORRE PARDO, and others similarly situated.

21. Defendants, SANJED CAPITAL LLC and BANGKOK CUISINE, INC., d/b/a Bangkok Cuisine, own and operate a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104. Defendants, SANJED CAPITAL LLC and BANGKOK CUISINE, INC., d/b/a Bangkok Cuisine, are responsible for complying with the obligations of the ADA. The place of public accommodation that Defendants, SANJED CAPITAL LLC and BANGKOK CUISINE, INC., d/b/a Bangkok Cuisine, own and operate, the Commercial Property and/or business, is located at 45 North Homestead Boulevard Homestead, Florida 33030.

22. Defendant, SANJED CAPITAL LLC, as landlord and owner of the Commercial Property, is jointly and severally liable for all ADA violations listed in Counts I and II of this Complaint. Defendant, BANGKOK CUISINE, INC., d/b/a Bangkok Cuisine, as tenant and owner and/or operator of a business within the Commercial Property is jointly and severally liable and responsible for all ADA violations in Count II of this Complaint.

23. Plaintiff, NIGEL FRANK DE LA TORRE PARDO, has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to the described Commercial Property, including but not necessarily limited to the allegations of this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination at the Commercial Property, in violation of the ADA. Plaintiff desires to visit the Commercial Property and business located therein, not only to avail himself of

the goods and services available at the Commercial Property, but to assure himself that the Commercial Property and business therein are in compliance with the ADA, so that he and others similarly situated will have full and equal enjoyment of the Commercial Property without fear of discrimination.

24. Defendants have discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Commercial Property, as prohibited by 42 U.S.C. § 12182 et seq.

## COUNT I – ADA VIOLATIONS AS TO SANJED CAPITAL LLC

25. The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 22 above as though fully set forth herein.

26. Defendant, SANJED CAPITAL LLC, has discriminated, and continues to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendants have 10 or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during his visit to the Commercial Property includes but are not limited to, the following:

Common Areas:

A. Parking

   i. The Plaintiff had difficulty exiting the vehicle, as designated accessible parking spaces are located on an excessive slope. Violation: some of the accessible parking spaces are located on a slope in violation of Section 4.6.3 of the ADAAG and Section 502.4 of the 2010 ADA Standards, whose resolution is readily achievable.

   ii. The Plaintiff had difficulty exiting the vehicle, as an access aisle of the required width is not provided. Violation: there are accessible parking spaces that do not have

      compliant access aisles provided, violating Sections 4.1.2(5a) and 4.6.3 of the ADAAG and Section 502.3.1 of the 2010 ADA Standards, whose resolution is readily achievable.

iii. There are accessible parking spaces that do not provide signs designating them as accessible, violating Section 4.6.4 of the ADAAG and Section 502.6 of the 2010 ADA Standards, whose resolution is readily achievable.

iv. There are accessible parking spaces with signs that are mounted too low, violating Section 4.6.4 of the ADAAG and Section 502.6 of the 2010 ADA Standards, whose resolution is readily achievable.

B. <u>Entrance Access and Path of Travel</u>

i. The Plaintiff had difficulty traversing the path of travel, as it is not continuous and accessible. Violation: there are inaccessible routes from the public sidewalk and transportation stop. These are violations of the requirements in Sections 4.3.2(1), 4.3.8, 4.5.1, and 4.5.2 of the ADAAG and Sections 206.2.1, 302.1, 303, and 402.2 of the 2010 ADA Standards, whose resolution is readily achievable.

ii. The Plaintiff had difficulty traversing the path of travel due to abrupt changes in level. Violation: there are changes in levels of greater than ½ inch, violating Sections 4.3.8 and 4.5.2 of the ADAAG and Section 303 of the 2010 ADA Standards, whose resolution is readily achievable.

iii. The Plaintiff could not traverse through areas of the facility, as the required 36" path is not provided. Violation: a continuous path of travel connecting all essential elements of the facility is not provided, violating Sections 4.2.1, 4.3.2(2), & 4.3.3 of the ADAAG and Sections 206.2.2 & 403.5.1 of the 2010 ADA Standards, whose resolution is readily

achievable.

### COUNT II – ADA VIOLATIONS AS TO SANJED CAPITAL LLC AND BANGKOK CUISINE, INC., D/B/A BANGKOK CUISINE

27. The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 22 above as though fully set forth herein.

28. Defendants, SANJED CAPITAL LLC and BANGKOK CUISINE, INC., d/b/a Bangkok Cuisine, have discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendants have 10 or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during his visit to the Commercial Property and the businesses within, include but are not limited to, the following:

A. Access to Goods and Services

i. There is seating provided that does not comply with the standards prescribed in Section 4.32 of the ADAAG and Sections 226 & 902 of the 2010 ADA Standards, whose resolution is readily achievable.

B. Public Restrooms

i. There are permanently designated interior spaces without proper signage, violating Section 4.1.3(16) and 4.30 of the ADAAG and Sections 216.2 and 703 of the 2010 ADA Standards, whose resolution is readily achievable.

ii. The Plaintiff was exposed to a cutting/burning hazard because the lavatory pipes are not wrapped. Violation: the lavatory pipes are not fully wrapped or insulated violating Section 4.19.4 of the ADAAG and Section 606.5 of the 2010 ADA Standards, whose resolution is readily achievable.

iii. The Plaintiff could not transfer to the toilet without assistance, as the rear grab bar is

   missing, and the side grab bar is not the required length. Violation: the grab bars in the accessible toilet compartment do not comply with the requirements prescribed in Section 4.17.6 of the ADAAG and Sections 604.5 and 609 of the 2010 ADA Standards, whose resolution is readily achievable.

iv. The Plaintiff could not transfer to the toilet without assistance, as objects are mounted less than 12" above a grab bar obstructing its use. Violation: the grab bars do not comply with the requirements prescribed in Sections 4.16.4 & 4.26 of the ADAAG and Section 609.3 of the 2010 ADA Standards, whose resolution is readily achievable.

v. The Plaintiff could not use the toilet paper dispenser without assistance, as it is not mounted at the required location. Violation: the toilet paper dispenser in the accessible toilet compartment is not mounted in accordance with Section 4.17.6 and Figure 30(d) of the ADAAG and Section 604.7 of the 2010 ADA Standards, whose resolution is readily achievable.

vi. The Plaintiff could not use the coat hook without assistance, as it is mounted too high. Violation: there are coat hooks provided for public use in the restroom, outside the reach ranges prescribed in Sections 4.2.5, 4.2.6, and 4.25.3 of the ADAAG and Sections 308 and 604.8.3 of the 2010 ADA Standards, whose resolution is readily achievable.

## RELIEF SOUGHT AND THE BASIS

29. The discriminatory violations described in this Complaint are not an exclusive list of the Defendants' ADA violations. Plaintiff requests an inspection of the Defendants' places of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and barriers to access in conjunction with Rule 34 and timely notice. Plaintiff further requests to inspect any and all barriers to access that were concealed by virtue of the barriers'

presence, which prevented Plaintiff, NIGEL FRANK DE LA TORRE PARDO, from further ingress, use, and equal enjoyment of the Commercial; Plaintiff requests to be physically present at such inspection in conjunction with Rule 34 and timely notice.  A Plaintiff requests the inspection in order to participate in crafting a remediation plan to address Plaintiff's request for injunctive relief. The remediations for the ADA violations listed herein are readily achievable.

30. The Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied full and equal enjoyment of the goods, services, facilities privileges, benefits, programs and activities offered by Defendants' Commercial Property and Defendants' businesses within the Commercial Property; and has otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations as set forth above. The Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA, as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act. Plaintiff further requests a remediation plan and the opportunity to participate in the crafting of the remediation plan in order to participate in crafting a remediation plan to address Plaintiff's request for injunctive relief.

31. Defendants have discriminated against the Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of their places of public accommodation or commercial facility, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Defendants have also discriminated against Plaintiff in violation of 42 U.S.C. § 12131 et seq. and 28 C.F.R. Part 35 et seq for excluding Plaintiff by reason of disability from participation in and denying him benefits of the services,

programs, or activities of a public entity. Furthermore, the Defendants continue to discriminate against Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

32. Plaintiff is without adequate remedy at law, will suffer irreparable harm, and have a clear legal right to the relief sought. Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiff. Plaintiff has retained the undersigned counsel and is entitled to recover attorneys' fees, costs, and litigation expenses from Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

33. Defendants are required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their place of public similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

34. Notice to defendants is not required as a result of the Defendants' failure to cure the violations by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by the Plaintiff or waived by the Defendants.

35. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant

Plaintiff's Injunctive Relief, including an order to alter the property where Defendants operate their businesses, located within the Commercial Property located in Miami-Dade County, Florida, the interiors, exterior areas, and the common exterior areas of the Commercial Property to make those facilities readily accessible and useable to the Plaintiff and all other mobility-impaired persons; or by closing the facility until such time as the Defendants cure its violations of the ADA.

WHEREFORE, the Plaintiff, NIGEL FRANK DE LA TORRE PARDO, respectfully requests that this Honorable Court issue (i) a Declaratory Judgment determining Defendants, at the commencement of the subject lawsuit, were and are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. and Title II the Americans with Disabilities Act, 42 U.S.C. § 12131; (ii) injunctive relief against Defendants, including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services; (iii) an award of attorneys' fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and (iv) such other relief as the Court deems just and proper, and/or is allowable under Title II of the Americans with Disabilities Act.

Dated: October 24, 2023

                                  **GARCIA-MENOCAL & PEREZ, P.L.**
*Attorneys for Plaintiff*
350 Sevilla Avenue, Suite 200
Coral Gables, Fl 33134
Telephone: (305) 553-3464
Primary E-Mail: ajperez@lawgmp.com
Secondary E-Mail: bvirues@lawgmp.com;
jacosta@lawgmp.com

By:    */s/ Anthony J. Perez*
        ANTHONY J. PEREZ
        Florida Bar No.: 535451
        BEVERLY VIRUES
        Florida Bar No.: 123713